21-2555-cv
Frierson v. Troy City School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of July, two thousand twenty-three.

PRESENT:  RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

TRUMAN FRIERSON,

*Plaintiff-Appellant-Cross-Appellee*,

v.                                                              No. 21-2555-cv,
21-2715-cv

TROY CITY SCHOOL DISTRICT, PAUL
REINISH, DIRECTOR OF PHYSICAL
EDUCATION, HEALTH, AND ATHLETICS,
TROY CITY SCHOOL DISTRICT BOARD OF
EDUCATION, JOHN CARMELLO,
SUPERINTENDENT,

1

*Defendants-Appellees-Cross-Appellants*,

PAUL BEARUP, KATHY AHREN, SCHOOL ATTORNEY, JOE MARIANO, PRINCIPAL,

*Defendants.*

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT-CROSS-APPELLEE: | JONATHAN R. GOLDMAN, Sussman & Associates, Goshen, NY |
| FOR DEFENDANTS-APPELLEES-CROSS-APPELLANTS: | LORAINE C. JELINEK, Johnson & Laws, LLC, Clifton Park, NY |

Appeal and cross-appeal from a judgment entered in the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED and the cross-appeal is DISMISSED as moot.

Truman Frierson appeals from a judgment of the United States District Court for the Northern District of New York (D'Agostino, J.) dismissing his First Amendment retaliation and right of assembly claims after a jury trial and denying his Rule 50(b) motion for judgment as a matter of law. Troy City School District, Paul Reinish, and John Carmello cross-appeal a pre-judgment order of

2

the District Court. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm the judgment and dismiss the cross-appeal as moot.

In January 2017 Frierson was banned from attending athletic events at Troy City High School. At the time the ban was instituted, his daughter played on the varsity girls basketball team. Frierson filed suit against Troy City School District and various school district officials, and the District Court dismissed most of his claims pretrial. Frierson's First Amendment retaliation and right of assembly claims against Reinish (the high school's Director of Physical Education, Health, and Athletics) and Carmello (the school district's Superintendent) were tried before a jury, which found for the defendants on both counts. Pursuant to Federal Rules of Civil Procedure 50(a) and 50(b), Frierson then moved for judgment as a matter of law, which the District Court denied. On appeal, Frierson argues that the District Court erred in (1) denying his Rule 50(b) motion with respect to his right of assembly claim, (2) dismissing his Monell claim against Troy City School District on summary judgment, and (3) granting the defendants' Rule 12(b)(6) motion to dismiss his Fourteenth

Amendment procedural due process claim. In their cross-appeal, Troy City School District, Reinish, and Carmello argue that the District Court should have granted their motion to dismiss Frierson's right of assembly claim because it was not adequately pled.

## I. Right of Assembly

We begin with the District Court's denial of Frierson's Rule 50(b) motion with respect to his right of assembly claim. This Court reviews a district court's decision on a Rule 50(b) motion de novo, "considering the evidence in the light most favorable to party against whom the motion was made and . . . giv[ing] that party the benefit of all reasonable inferences that the jury might have drawn in [its] favor from the evidence." Legg v. Ulster Cnty., 979 F.3d 101, 114 (2d Cir. 2020) (quotation marks omitted). "We affirm the denial of this motion unless there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]." Ashley v. City of New York, 992 F.3d 128, 138–39 (2d Cir. 2021) (quotation marks omitted).

Here, the jury reasonably concluded that Reinish and Carmello did not violate Frierson's right of assembly by banning him from the high school's athletic events. "'The right of peaceable assembly is a right cognate to those of free speech and free press and is equally fundamental.'" Johnson v. Perry, 859 F.3d 156, 171 (2d Cir. 2017) (quoting De Jonge v. Oregon, 299 U.S. 353, 364 (1937)). But "'[n]othing in the Constitution requires the Government freely to grant access to all who wish to exercise their right to free speech on every type of Government property without regard to the nature of the property or to the disruption that might be caused by the speaker's activities.'" Id. (quoting Cornelius v. NAACP Legal Def. & Educ. Fund, Inc., 473 U.S. 788, 799–800 (1985)). The level of judicial scrutiny applied to state actions inhibiting the right of assembly varies with the nature of the forum in which the assembly occurs. See id. This Court has recognized that school property becomes a limited public forum during school-sponsored athletic events, which "encourage[]" attendees to engage in "expressive activity" such as "chanting and cheering for whichever team they favor." Id. at 175. We have further recognized that schools may regulate access to such limited public fora "so long as [their restrictions] are reasonable and viewpoint neutral." Id. at 172 (quotation marks omitted).

5

Based on our review of the trial record, we agree with the District Court that a reasonable jury could have found that the decision to ban Frierson from the high school's athletic events was both reasonable and viewpoint neutral. The trial evidence established that on January 9, 2017, Frierson, without permission or authorization, entered the high school after hours through a locked side door, waited outside of the girls' locker room for students on the varsity girls basketball team to finish practice, gathered several of those students in the cafeteria to discuss concerns about their coach and a potential boycott of an upcoming game, and hugged at least one student who was not his daughter. There was additional trial evidence that Frierson's conduct violated the school district's safety procedures and visitor policies, as well as the Code of Conduct for student athletes and their parents. In addition, Reinish and Carmello testified that their decision to ban Frierson was based on his conduct on January 9, 2017, not his statements or views about the team's coach.

To be sure, there was also evidence pointing in the opposite direction. In a letter to Frierson, Reinish explained that he was imposing the ban not only because Frierson "held a meeting with students on school property" but also because he "attempted to organize a protest against our coaching staff" by

6

"encouraging multiple players to walk off the court." Joint App'x 1725. But we must view the evidence in the light most favorable to the defendants, which leads to the conclusion that a reasonable jury could find that the decision to ban Frierson from the high school's athletic events was reasonable and viewpoint neutral. The District Court accordingly did not err in denying Frierson's Rule 50(b) motion.

## II. Monell Claim

We next turn to the District Court's grant of summary judgment against Frierson on his § 1983 claim against the Troy City School District under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). As relevant here, Frierson was required to show that a government employee violated his federal rights "pursuant to official municipal policy." Outlaw v. City of Hartford, 884 F.3d 351, 372 (2d Cir. 2018) (quotation marks omitted). As described above, Frierson has not demonstrated that a government employee violated his federal rights. And Frierson "acknowledges that his Monell claim can be revived only if the Court agrees with him on the substance of his freedom of assembly claim and revives that claim as against Reinish and Carmello." Appellant's Reply Br. 35. Because we see no reason to disturb the jury's finding that Frierson did not demonstrate

7

that a government employee violated his federal rights, we decline to vacate and remand with respect to the District Court's dismissal of his Monell claim on summary judgment.

### III.   **Procedural Due Process**

We next turn to the District Court's dismissal under Rule 12(b)(6) of Frierson's procedural due process claim, which we review de novo. See Dane v. UnitedHealthcare Ins. Co., 974 F.3d 183, 188 (2d Cir. 2020). In describing his procedural due process claim, Frierson argues that he sufficiently "alleged that, without adequate justification, defendants barred him from all future Troy athletic events, thereby depriving him of the ability to exercise his First Amendment rights thereat" and that "[t]his was sufficient to allege a protected liberty interest." Appellant's Br. 51 (emphasis added). Thus understood, his "procedural due process" claim is essentially a restatement of his First Amendment claim and fails for the reasons set forth above. We therefore conclude that the District Court did not err in dismissing Frierson's procedural due process claim.

## IV. Cross-Appeal

Finally, we consider the cross-appeal. "When a cross-appeal is conditional, asking that it be reached only if and when the appellate court decides to reverse or modify the main judgment, and the direct appeal fails and the judgment is affirmed, the usual procedure is to dismiss the cross-appeal as moot." Weiss v. Nat'l Westminster Bank, PLC., 993 F.3d 144, 159 (2d Cir. 2021) (quotation marks omitted). Here, Troy City School District, Reinish, and Carmello argue in the alternative that we should affirm the judgment because Frierson failed to adequately allege that they violated his right of assembly in his complaint. Because we conclude that the District Court did not err in denying Frierson's 50(b) motion, we dismiss the cross-appeal as moot.

We have considered Frierson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED and the cross-appeal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9